11-0540-cr
United States v. Fann

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of February, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         RAYMOND J. LOHIER, JR.,
                 *Circuit Judges,*
         ROSLYNN R. MAUSKOPF,[1]
                 *District Judge.*

_____

UNITED STATES OF AMERICA,

                 *Appellant,*

        -v.-                                    11-0540-cr

JERMAINE L. FANN,

                 *Defendant-Appellee.*

_____

FOR APPELLANT:      MONICA J. RICHARDS, Assistant United
                    States Attorney, *for* William J. Hochul,
                    Jr., United States Attorney for the
                    Western District of New York, Buffalo,
                    NY.

_____

[1] Judge Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEES:     TRACY HAYES, Assistant Federal Defender
                   (Hillary K. Green, Of Counsel, *on the
                   brief*), Federal Public Defender's Office,
                   Western District of New York, Buffalo,
                   NY.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

The United States appeals from an order of the United States District Court for the Western District of New York (Skretny, *J.*), which granted Defendant-Appellee's motion to suppress evidence obtained by police as the fruit of an unlawful entry. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We find no error in the district court's grant of Appellee's motion to suppress evidence in this case. Under the Fourth Amendment, "warrantless searches are *per se* unreasonable, subject to a few well-delineated exceptions." *United States v. Oguns*, 921 F.2d 442, 446 (2d Cir. 1990) (internal quotation marks omitted). One exception to this rule is the protective sweep incident to a lawful arrest, which permits officers to "conduct a limited security sweep

of the premises if they possess a 'reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene.'" *Id.* (quoting *Maryland v. Buie*, 494 U.S. 325, 337 (1990)).

In part because the Government did not submit any affidavits or other evidence before the district court to develop the record, the Government fails to identify specific, articulable facts that demonstrate that the officers who conducted the search of the residence reasonably believed that an individual was present at the time of Fann's arrest and that such individual posed a danger to them. Because the officers lacked this reasonable belief, their warrantless search of the residence violated Fann's Fourth Amendment rights. The evidence obtained through the search was properly suppressed.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3